JS-6

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED DESERT CHARITIES, FRED EDE, III, EMILY WILLIAMS, BRUCE PRITCHARD, and JEAN STEINER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SLOAN VALVE COMPANY, AMERICAN STANDARD BRANDS AS AMERICA, INC., KOHLER CO., GERBER PLUMBING FIXTURES, LLC, MANSFIELD PLUMBING PRODUCTS, LLC, and HOME DEPOT, U.S.A., INC.,<br><br>Defendants. | Case No. CV12-06878 SJO (SHx)<br><br>**FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION SETTLEMENT**<br><br>Action Filed: August 9, 2012<br><br>*The Honorable S. James Otero*<br><br>Consolidated Cases:<br><br>*Berube v. Flushmate*<br>2:13-cv-02372-SJO-SH<br>*Brettler v. Flushmate*<br>2:13-cv-02499-SJO-SH<br>*Kubat, et al. v. Flushmate*<br>2:13-cv-02425-SJO-SH<br>*Patel v. Flushmate*<br>2:13-cv-02428-SJO-SH<br><br>Related Case:<br><br>*Dimov, et al. v. Sloan Valve Co.,*<br>1:12-cv-09700 (N.D. Ill.) |

Following a hearing on February 10, 2014 ("Preliminary Approval Hearing"), this Court entered its Order on February 21, 2014 (ECF No. 135) (1) preliminarily approving class action settlement; (2) certifying settlement class; (3) approving proposed class notices; and (4) scheduling a final fairness hearing to determine (a) whether the terms and conditions of the Class Action Settlement Agreement and Release ("Settlement") in these consolidated and related cases (collectively, the "Action"), filed with this Court on January 28, 2014 (ECF No. 116-1), are fair, reasonable, adequate, free from collusion, and in the best interests of the Class; (b) whether the Settlement should be finally approved by the Court; and (c) to consider an application by Class Counsel for an award of attorneys' fees and expenses, and incentive awards for the Class representatives ("Preliminary Approval Order").

After due process notice to the Class, the Court held the Final Fairness Hearing on August 25, 2014 ("Fairness Hearing"). The Court has considered: (1) the memorandum submitted in support of Plaintiffs' Motion for Final Approval of Class Action Settlement ("Final Approval Motion"); (2) the declarations and exhibits submitted in support of the Final Approval Motion; (3) the memorandum submitted in support of Class Counsel's Application for Attorneys' Fees and Expenses and for Service Awards ("Fee Application"); (4) the Settlement, the Plan of Allocation, the Notice Plan, the Class Notices and the Claim Forms; (5) the entire record in this proceeding, including but not limited to the memorandum in support of preliminary approval of the Settlement; (6) the oral presentations of Class Counsel and Counsel for Defendants at the Preliminary Approval and Fairness Hearings; (7) the Court's findings and conclusions set forth in its Preliminary Approval Order; (8) this Court's observations while presiding over this matter; and (9) the relevant law.

Based upon these considerations, it is HEREBY ORDERED, ADJUDGED, and DECREED as follows:

1. This Final Order and Judgment ("Final Order") incorporates and makes a part hereof: (a) the Settlement, including the Plan of Allocation, the Notice Plan, the Class Notices, and the Claim Forms and all exhibits thereto; and (b) the Court's findings and conclusions in the Preliminary Approval Order. All capitalized terms in this Final Order shall have the same meanings as in the Settlement, unless separately defined herein.

2. All preliminary findings and conclusions in the Court's Preliminary Approval Order are hereby made final.

3. This Court has jurisdiction over the subject matter and parties to the Action pursuant to 28 U.S.C. §1332(d)(2) and 28 U.S.C. §1453. This jurisdiction includes, without limitation, jurisdiction to finally certify the Class for settlement purposes under Fed R. Civ. P. 23(a) and (b)(3), finally approve the Settlement under Fed R. Civ. P. 23(e), and dismiss the Action with prejudice.

4. The Class meets the requirements of Fed R. Civ. P. 23(a) and 23(b)(3). The Class consists of any Person who owns or owned a Flushmate System or Flushmate Toilet installed in the United States. Excluded from the Class are (a) Defendants; any entity in which a Defendant has a controlling interest, or which has a controlling interest in a Defendant; Defendants' legal representatives, assigns, and successors; and any retailers or wholesalers of the Flushmate System or Flushmate Toilets; and (b) the Judges to whom this case is or was assigned and any members of their immediate families. Also excluded from the Class are (c) all Persons who have obtained a judgment against Defendants with regard to the Released Claims on or before the date of Preliminary Approval; (d) all Persons who, prior to Preliminary Approval, received cash reimbursement from Flushmate for property damage resulting

from a Burst or Leak in their Flushmate System; (e) all Persons who have incurred damages as a result of a Leak or Burst of a Flushmate System that occurred on or before August 9, 2008, but who have not brought any civil action relating thereto on or before August 9, 2012; (f) all Persons whose Property previously contained, but no longer contains, a Flushmate System or Flushmate Toilet, and have not experienced a Leak or Burst of a Flushmate System or Flushmate Toilet, except Persons who replaced their Flushmate Toilets in response to the Recall; and (g) all Persons who formerly owned Property that contained a Flushmate System, and did not experience a Leak or Burst of a Flushmate System or Flushmate Toilet during their ownership.

5. Based upon Plaintiffs' submissions and the record before this Court, which Defendants controvert but do not contest for settlement purposes, the prerequisites for a class action under Fed R. Civ. P. 23(a) and (b)(3) have been satisfied, in that:

   a. The members of the Class are so numerous that joinder of all members is impractical. Fed. R. Civ. P. 23(a).
   b. This litigation involves common class-wide issues that would drive the resolution of the claims absent the Settlement. Fed. R. Civ. P. 23(b); *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). Several disputed issues are common to Plaintiffs and the Class, including whether the Flushmate System is subject to failure; whether the Flushmate System creates an unreasonable safety risk; and whether Sloan knew or should have known that the Flushmate System was allegedly defective.
   c. The claims of the named Plaintiffs are typical of the claims of the Class. Fed. R. Civ. P. 23(c). Typicality is satisfied because

     the conduct at issue is alleged to have caused similar harm at the point of purchase to Plaintiffs and the Class.

d. The named Plaintiffs are adequate Class representatives and possess the same interests in the outcome of this case as the other Class members. Fed. R. Civ. P. 23(d). The named Plaintiffs — like all Class members — own one or more Flushmate Toilets. Accordingly, the Court finally appoints as Class representatives Plaintiffs United Desert Charities, Fred Ede, III, Emily Williams, Bruce Pritchard, Jean Steiner, Daniel Berube, Jeffrey Brettler, Randy Kubat, John Snyder, Milen Dimov, Trigona Dimova, Scott Iver, Neal Olderman, and Pankaj Patel.

e. Additionally, having found the following firms qualified to serve as Class Counsel, the Court finally appoints as Class Counsel Birka-White Law Offices, Lieff Cabraser Heimann & Bernstein, LLP, Parker Waichman LLP, Levin Fishbein, Sedran & Berman, LLP, Audet & Partners, LLP, Wexler Wallace, LLP, Holland Groves Schneller & Stolze LLC, and Geragos & Geragos, P.C.

f. Class Counsel and the Class representatives have fully and adequately represented the Class in the Action, and in entering into and implementing the Settlement, and accordingly have satisfied the requirements of Fed. R. Civ. P. 23(a)(4).

g. The Court also finds that common issues predominate and the Settlement is a superior way to resolve this national controversy. Fed. R. Civ. P. 23(b)(3). The claims of fraudulent representations and omissions and other breaches focus

                    primarily on Defendants' conduct, and the economic loss claims share a common damages measurement.

        h. Therefore, the Court finally certifies the Class under Fed. R. Civ. P. 23(a) and 23(b)(3) for settlement purposes only.

        i. These findings shall be vacated and have no preclusive effect in this or any other forum in the event this Final Order is for any reason (whether as a result of reconsideration, appeal, or otherwise) vacated and the Settlement is disapproved, or if the Settlement otherwise does not become Final or Effective for any reason, including without prejudice to Defendants' rights to contest class certification.

6. This Court finds that the Claims Administrator and Notice Provider caused notice to be disseminated to the Class in accordance with the Notice Plan and the Preliminary Approval Order, and that notice was given in an adequate and sufficient manner and complies with Due Process and Fed. R. Civ. P. 23. The Court further finds that the Notice Plan was reasonable and provided due, adequate, and sufficient notice to all Persons entitled to receive notice. The Notice Program complied with Fed. R. Civ. P. 23(c)(2)(B) because it constituted the best notice practicable under the circumstances and provided individual notice to all Class members who could be identified through reasonable effort and extensive published notice, as detailed in the Notice Plan. The Court specifically finds that the Class Notices:

        a. Were simply written and were readily understandable;

        b. Were reasonably and fairly calculated to apprise Class members of (i) the pendency of the Action and the claims asserted by the Class, (ii) the allegations that are basis for the Action, (iii) the

Class definition, (iv) the terms of the proposed Settlement, including how Class members may receive benefits, (v) the maximum amount of attorneys' fees that would be sought by Class Counsel, and the proposed incentive awards for the Class representatives, (vi) the Class members' right to object to or opt out of the Settlement and the time and manner for doing so, (vii) their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense) if they did not exclude themselves from the Class, and (viii) the binding effect of the Settlement and anticipated Final Order on all persons who did not timely and validly request exclusion from the Class;

    c.    Informed the Class members of the general risks of continued litigation; and

    d.    Identified the website address for Class members to use to submit claims and/or to obtain additional information regarding the Settlement.

    7.    In addition, based on the submissions of the parties, the Court finds that on February 7, 2014, Defendants fully satisfied their obligations of providing Notice of the proposed Settlement to the public officials designated under the Class Action Fairness Act, 28 U.S.C. § 1715, to receive such notice as set forth in the Settling Defendants' Notice of Compliance with 28 U.S.C. § 1715, filed March 7, 2014. (ECF No. 138.)

    8.    Plaintiffs, by and through their counsel, have investigated the pertinent facts and law, have engaged in motion practice and discovery, and have evaluated the risks associated with continued litigation, class certification, trial, and/or appeal. The Court finds that the Settlement was reached in the absence of collusion, is the product of informed, good-faith,

arms-length negotiations between the parties and their capable and experienced counsel, and was reached with the assistance of a well-qualified and experienced mediator, the Honorable William J. Cahill (Ret.). The Court further finds that this litigation is complex and that if it were to continue through trial and potential subsequent appeals, it would likely be both contentious and protracted. The Court also notes that Defendants have asserted numerous defenses to the Plaintiffs' claims and have vigorously denied any liability or damage, that Plaintiffs' ultimate success in the litigation is not guaranteed, and that the risks of establishing liability on behalf of Class members are significant.

9. The Court finds that the Settlement confers substantial benefits upon the Settlement Class and avoids the costs, uncertainty, delays, and other risks associated with continued litigation, trial, and/or appeal. Defendants will pay a minimum of $18,000,000 into a common fund benefiting owners of the Flushmate Toilets at issue in this case. The cash payment may increase if the fund is insufficient to satisfy certain unpaid Eligible Property Damage claims made under the Settlement, provided that the Settlement Fund and Claims Administration Trust Accounts are exhausted and the total amount of approved Eligible Property Damage claims submitted during the Claims Period and paid from the Claims Administration Trust Account to Class members exceeds $1,500,000 in the aggregate. The Claims Period will last for at least two years to enhance Class members' ability to obtain benefits from the Settlement. Moreover, the Settlement will advance the public safety inasmuch as it is structured to maximize Class members' incentive to repair or replace their Flushmate Toilets.

10. The Court has been informed that no objections to the Settlement were submitted in accordance with the requirements of the Class Notices and

the Preliminary Approval Order, and has been further informed that 28 Persons have submitted timely requests to be excluded from the Class in accordance with the requirements of Class Notices and the Preliminary Approval Order. The Court has evaluated this overall reaction of the Class to the Settlement, and finds that the overall acceptance of the Settlement by Class members supports the Court's conclusion that the Settlement is in all respects fair, reasonable, adequate, and in the best interests of the Class.

11. Because the terms and provisions of the Settlement have been entered into in good faith and are in full compliance with all applicable requirements of the United States Constitution (including its Due Process Clause), the Federal Rules of Civil Procedure, the rules of this Court and any other applicable law, and are fair, reasonable, and adequate and in the best interests of the Class, the Court hereby finally approves the Settlement.

12. The parties and the Claims Administrator are directed to implement the Settlement according to its terms and conditions.

13. Defendants shall deposit Settlement Payments into the Settlement Fund Trust Account in accordance with Section IV of the Settlement.

14. Class Litigation Administration Support Services of Lancaster, California, is finally appointed to serve as the Claims Administrator as provided under the Settlement and Plan of Allocation. All reasonable fees, costs, and expenses of the Claims Administrator shall be paid as provided in the Settlement. The Claims Administrator is directed to begin processing all validly filed claims in accordance with Section V of the Settlement and the Plan of Allocation.

15. The Hon. William J. Cahill (Ret.) of JAMS, San Francisco, California, is finally appointed to serve as the Special Master as provided for

under the Settlement and Plan of Allocation. All reasonable fees, costs, and expenses of the Special Master shall be paid as provided in the Settlement.

16. Except as to those Persons listed on Exhibit A hereto who have timely submitted valid requests for exclusion from the Settlement, this Final Order and the Settlement shall be forever binding on Plaintiffs and each Class member, as well as their heirs, executors, administrators, and their respective predecessors, successors, representatives and assigns, or any and all of them, and those terms shall have res judicata and preclusive effect in all pending and future claims, lawsuits, or other proceedings involving the Released Claims in any state, federal, or territorial court, arbitral forum or other forum of any kind.

17. Plaintiffs and each Class member, as well as their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, subrogees, partners, successors, predecessors, and assigns, and all those acting or purporting to act on their behalf, is conclusively deemed to have fully, finally, and forever released, relinquished and discharged Defendants and the Released Parties from and against any and all liability for the Released Claims as set forth in Section VI of the Settlement.

18. Plaintiffs and each Class member are barred and permanently enjoined from initiating, asserting and/or prosecuting any Released Claims which the Class member had, has or may have in the future against any Defendant or Released Party in any court, arbitration, tribunal, or forum of any kind. The Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over this Action and to protect and effectuate this Final Order.

19. As set forth in the Settlement, Defendants have denied, and continue to deny, any wrongdoing or liability of any kind relating to the

Action. Neither this Final Order, nor any provisions of the Settlement or any negotiations leading to its execution, may be construed as, offered as, received as, used as, or deemed to be evidence of an admission of any liability or wrongdoing of any kind on the part of Defendants and the Released Parties in the Action, or in any other judicial, administrative, regulatory, or other forum of any kind.

20. Without affecting the finality of this Final Order, the Court reserves exclusive jurisdiction as to all matters related to administration, consummation, enforcement, and interpretation of the Settlement and this Final Order, including, without limitation, for the purpose of:

    a. enforcing the terms and conditions of the Settlement and resolving any disputes, claims, or causes of action that, in whole or in part, are related to or arise out of the Settlement or this Final Order (including, without limitation, whether a person or entity is or is not a Class member and whether claims or causes of action allegedly related to the Action are or are not barred or released by this Final Order and the Settlement);

    b. entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate this Final Order and the Settlement, or to ensure the fair and orderly administration of the Settlement; and

    c. entering any other necessary or appropriate orders to protect and effectuate the Court's retention of continuing jurisdiction.

21. The Action is hereby dismissed with prejudice in its entirety, except to the extent that this Court has maintained continuing jurisdiction as stated in paragraph 20 above. Except as expressly granted by this Final Order and as set forth in the Settlement, it is adjudged that Plaintiffs and all Class members take nothing by reason of the Action against Defendants, and their

1 | claims are hereby dismissed with prejudice. There is no just cause to delay
2 | appeal or enforcement of this Final Order.

    IT IS SO ORDERED.

Dated: August 25, 2014.

*S. James Otero*
_____
S. James Otero
United States District Judge

# EXHIBIT A

## Timely Submitted Exclusion Requests

| | |
|---|---|
| 1. | Adamik, M. Brian |
| 2. | Bauer, Dennis |
| 3. | Bentzel, Karen S. |
| 4. | Biberfeld, Ellen J. |
| 5. | Boddy, Ethelyn |
| 6. | Bolenbaugh, Burdette A. |
| 7. | Cardenas, Jose R. |
| 8. | Chew, Richard |
| 9. | Frankel, Rhoda |
| 10. | Holeman, Bruce |
| 11. | Kanode, Steven |
| 12. | Keppen, Steven |
| 13. | Kuznicki, Benjamin |
| 14. | Leon, Gabriel |
| 15. | Martyn, Keith |
| 16. | McFalda, Judy A. |
| 17. | Miller, Richard |
| 18. | Mullan, John W. |
| 19. | Norris, Kaye |
| 20. | Paesani, Annette |
| 21. | Plagany, Elaine |
| 22. | Plagany, Tom |
| 23. | Preston, Barbara |
| 24. | Rowan, Bryan |
| 25. | Turley, Amy |
| 26. | Turley, Kyle |
| 27. | Whittington, Ken |
| 28. | Yalmokas, Richard |